UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **Doris Fletcher,**  *Plaintiff*,  v.  **Convergent Outsourcing, Inc.,**  *Defendant.* | Case No: 2:23-cv-491  **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Doris Fletcher ("**Ms. Fletcher**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Convergent Outsourcing, Inc. ("**Convergent**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Fletcher against Convergent for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., et seq. ("**FCCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, § 559.77(1), Fla. Stat., and 28 U.S.C. § 1331.

3. The Defendants are subject to the provisions of the FDCPA and the FCCPA, and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

5. Ms. Fletcher is a natural person residing in the City of Cape Coral, Lee County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Convergent is a Washington corporation with a principal business address of 800 SW 39th Street, Suite 100, Renton, Washington 95805.

7. Convergent's Florida Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

8. Convergent is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that it uses an instrumentality of interstate commerce, including postal mail and the internet, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Convergent is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number CCA0900904.

10. As a licensed CCA, Convergent knows, or should know, the requirements of the FDCPA.

## FACTUAL ALLEGATIONS

### The Alleged Debt

11. In or around 2020, Ms. Fletcher opened an account with Comcast Cable Communications, LLC, doing business as Xfinity ("**Xfinity**") for personal cable television, internet, telephone, and wireless services.

12. Around October 2020, Ms. Fletcher allegedly incurred a $344 debt (the "**Debt**") to Xfinity.

13. The Debt arose from services which were primarily for family, personal, or household purposes, specifically cable television, internet, telephone, and wireless services, and therefore meets the definition of *Debt* under the FDCPA, 15 U.S.C. §1692a(5).

14. Xfinity then placed the Debt for collection with Credit Collection Services ("**CCS**"), a Massachusetts-based debt collector.

15. CCS thereafter began reporting the Debt, monthly, to Experian. **SEE PLAINTIFF'S EXHIBIT A.**

16. CCS reported to Experian that Ms. Fletcher owed $344, that the original creditor was "CCS FOR COMCAST CABLE-XM," and that the account was "individual" (*i.e.*, not joint). ***Id.***

## Ms. Fletcher's Disputes of the Debt

17. On or around February 9, 2022, Ms. Fletcher requested and obtained a copy of her consumer credit disclosure from Experian. *Id.*

18. Ms. Fletcher saw the CCS tradeline reporting to her credit, and on February 9, 2022, she disputed CCS' report of the account.

19. Experian, upon receipt of Ms. Fletcher's dispute, sent CCS an *Automated Consumer Dispute Verification* Request ("**ACDV**") form through an online platform known as e-OSCAR, asking CCS to make a reasonable investigation into the dispute.

20. CCS responded to the ACDV, stating that the accuracy of the reported information *could be* verified and thus continued reporting its tradeline to Experian.

21. In or around March 9, 2022, Ms. Fletcher sent a letter to CCS indicating she disputed the Debt and that she retained legal counsel regarding the collection of the Debt, and asked CCS to issue any future correspondence to her attorneys.

22. As of at least April 2022, CCS was aware that Ms. Fletcher was now being represented by legal counsel and disputed the Debt, and that all correspondence associated with the Debt should be directed to her attorneys.

23. On or around March 20, 2022, CCS sent a letter to Seraph Legal, P.A., regarding Ms. Fletcher's alleged Debt. **SEE PLAINTIFF'S EXHIBIT B.**

24. The letter in part stated, "The above referenced account is now closed with our office." *Id.*

25. The letter also stated in part, "If you are representing this client on any additional account with our office, we ask that you please provide a list to ensure we notate your representation." *Id.*

26. CCS then returned the Debt to Xfinity, noting the file that Ms. Fletcher disputed the Debt and was represented by counsel regarding the Debt.

27. Shortly thereafter, CCS ceased reporting the Debt to Experian.

### Disputed, Deleted Debt Re-reported by Convergent

28. Sometime in 2022, Xfinity assigned the Debt to another debt collector, Convergent.

29. Xfinity informed Convergent of Ms. Fletcher's existing dispute and legal representation.

30. A debt collector who becomes aware that a debt is disputed is required to include notice of dispute in all subsequent communications in connection with the collection of that debt. *See 15 U.S.C. § 1692e(8).*

31. Since May 2022, Convergent has been reporting the Debt to Experian. **SEE PLAINTIFF'S EXHIBIT C.**

32. Convergent reported the same balance and ECOA code as CCS. *Id.*

33. Convergent reported the original creditor as "XFINITY MOBILE." *Id.*

34. Notable difference in the reported data included the purported "Date opened," the "Date of status" (*i.e.*, the date of the account being considered "in collection), and when the Debt was "First reported." *Id.*

35. Convergent also failed to indicate that the Debt was disputed in its report to Experian concerning the Debt. *Id.*

36. Despite the fact that Experian had removed the same information from Ms. Fletcher's credit file prior, Experian accepted the report from Convergent without question and re-inserted the derogatory information into Ms. Fletcher's credit file without any notation that the information was disputed.

37. Thus, the Convergent tradeline appeared on Ms. Fletcher's credit report as a "non-disputed" debt.

38. Reporting a debt to a CRA is an attempt to collect the debt alleged therein. *See, e.g., Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010) ("The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.")

39. By failing to disclose that the Debt was disputed, Convergent was, in essence, forcing Ms. Fletcher to spend time and effort repeatedly disputing a debt merely so that it would remain labeled as such.

40. Convergent is a large debt collector and receives many disputes concerning cell phone and/or cable television debts which it reports to CRAs.

41. Convergent knew, when it received a portfolio of charged-off debts for collection from Xfinity, which included Ms. Fletcher's purported Debt, that it was not the first collection agency to be assigned the account and that other debt collectors had previously attempted to collect the Debt.

42. Convergent knew a considerable number of the accounts it received from Xfinity had been previously disputed and had to be reported as such.

43. Convergent has insufficient, if any, policies in place to verify with creditors like Xfinity if the debt is disputed prior to its collection attempts.

44. Even assuming that Xfinity failed to disclose to Convergent that the Debt was disputed, reliance on an original creditor's erroneous records is not a defense to an FDCPA action. *See Owen* v. *I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) (holding that debt collectors remain liable even when violations are not knowing or intentional).

45. Convergent's failure to disclose that the Debt was disputed materially damaged Ms. Fletcher's credit scores.

46. The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Fletcher suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

47. As a result of Convergent's re-reporting of previously-deleted information as a purported "new" collection, and reporting the information as having occurred much more recently than it actually had, Ms. Fletcher's credit scores dropped significantly.

48. Convergent also sent at least one collection letter to Ms. Fletcher directly in 2022, despite knowing Ms. Fletcher was represented by counsel concerning the Debt.

49. Ms. Fletcher's attorneys did not consent to any such communication, nor was it initiated by Ms. Fletcher, nor did Ms. Fletcher's attorneys fail to respond to any communication from Convergent.

50. As a result of Convergent's actions, Ms. Fletcher has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, emotional distress, frustration, aggravation, and damage to her reputation.

51. Ms. Fletcher has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## <u>CONVERGENT'S VIOLATIONS OF THE FDCPA</u>
## <u>15 U.S.C. § 1692e</u>

52. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

53. Convergent violated **15 U.S.C. § 1692e** when Convergent made false and/or misleading representations in an attempt to collect the Debt by reporting the Debt to Experian without disclosure of dispute and as "new," when it was disputed and older than Convergent stated in its report.

54. Convergent's actions render it liable for the above-stated violations of the FDCPA, and Ms. Fletcher is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

55. Convergent's actions caused Ms. Fletcher to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account which she thought had been deleted as a result of her dispute.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent and for her as follows:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## CONVERGENT'S VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692e(10)

56. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

57. Convergent violated **15 U.S.C. § 1692e(10)** when Convergent made false and/or misleading representations in an attempt to collect the Debt by reporting the Debt to Experian without disclosure of dispute.

58. Convergent's actions render it liable for the above-stated violations of the FDCPA, and Ms. Fletcher is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

59. Convergent's actions caused damage to Ms. Fletcher's credit report and scores, as well as emotional distress in having to deal with an account which she had a right to expect to be marked as disputed as a result of her dispute.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

 c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

 d. Such other relief that this Court deems just and proper.

## COUNT III
## CONVERGENT'S VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692e(8)

60. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

61. Convergent violated **15 U.S.C. § 1692e(8)** when Convergent communicated credit information which was known to be disputed, or which should have been known to be disputed, without disclosure of dispute, in its reports to Experian in October 2022.

62. Convergent's actions render it liable for the above-stated violations of the FDCPA, and Ms. Fletcher is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

63. Convergent's actions caused Ms. Fletcher to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account which should have been marked as disputed but was not.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CONVERGENT'S VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692e(2)(a)

64. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

65. Convergent violated **15 U.S.C. § 1692e(2)(a)** when Convergent made false and misleading representations about the character, amount and legal status of the Debt when it falsely claimed that the Debt was both recent and undisputed, when it was disputed and old.

66. Convergent's actions render it liable for the above-stated violations of the FDCPA, and Ms. Fletcher is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

67. Convergent's actions caused Ms. Fletcher to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account which was falsely described by Convergent to the CRAs.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent and for her as follows:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT V
## CONVERGENT'S VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692c(a)(2)

68. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

69. Convergent violated **15 U.S.C. § 1692c(2)(a)** when Convergent made a direct collection communication to the Plaintiff regarding the Debt even though it knew she was represented by legal counsel.

70. Convergent's actions render it liable for the above-stated violations of the FDCPA, and Ms. Fletcher is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

71. Convergent's actions caused Ms. Fletcher to suffer damages in having to deal with further debt collection attempts after hiring an attorney to handle the time for her.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent and for her as follows:

c. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT VI
## CONVERGENT'S VIOLATIONS OF THE FCCPA
## § 559.72(6), FLA. STAT.

72. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully restated herein.

73. Convergent violated **§ 559.72(6), Fla. Stat.** when it disclosed the existence of a debt known to be disputed by the consumer, but failed to disclose that the Debt was disputed, when reporting the Debt to Experian in May 2022.

74. Convergent made its reports with reckless disregard whether the Debt was disputed and thus made its report with malice; as such, Ms. Fletcher's state law claim is not pre-empted by the FCRA.

75. "Malice can be established by evidence showing the defendant made a false statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Long v. Pendrick Capital Partners II, LLC*, Case No.: GJH-17-1955 (D. Md. Mar. 18, 2019), quoting *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964); *see also Capital-Gazette Newspapers, Inc. v. Stack*, 293 Md. 528, 445 A.2d 1038, 1043-45 (Md.1982) (adopting the Supreme Court's definition of malice in the context of Maryland common law defamation cases).

76. Convergent violated § 559.72(18), Fla. Stat. when it communicated with Ms. Fletcher in 2023 about a disputed Xfinity debt, despite being informed prior to the communication the Debt was disputed and Ms. Fletcher had retained legal counsel with respect to the Debt.

77. The actions of Convergent were willful and intentional, or done with a reckless disregard for the consumer's rights under the FCCPA.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent for:

a. Statutory damages of **$1,000.00** pursuant to § 559.77(2), Fla. Stat.;

b. Actual damages pursuant to § 559.77(2), Fla. Stat.;

 c. Injunctive relief preventing Convergent from attempting to collect the alleged debt from Ms. Fletcher pursuant to § 559.77(2), Fla. Stat.;

 d. Reasonable costs and attorney's fees pursuant to § 559.77(2), Fla. Stat.; and,

 e. Such other relief that this Court deems just and proper.

**COUNT VII**
**CONVERGENT'S VIOLATIONS OF THE FCCPA**
**§ 559.72(18), FLA. STAT.**

78. Ms. Fletcher adopts and incorporates paragraphs 1 – 51 as if fully restated herein.

79. Convergent violated **§ 559.72(18), Fla. Stat.** when it communicated with Ms. Fletcher in 2022 about a disputed Xfinity debt, despite being informed prior to the communication the Debt was disputed and Ms. Fletcher had retained legal counsel with respect to the Debt.

80. The actions of Convergent were willful and intentional, or done with a reckless disregard for the consumer's rights under the FCCPA.

**WHEREFORE,** Ms. Fletcher respectfully requests this Honorable Court enter judgment against Convergent for:

 a. Statutory damages of **$1,000.00** pursuant to § 559.77(2), Fla. Stat.;

 b. Actual damages pursuant to § 559.77(2), Fla. Stat.;

    c.    Injunctive relief preventing Convergent from attempting to collect the alleged debt from Ms. Fletcher pursuant to § 559.77(2), Fla. Stat.;

    d.    Reasonable costs and attorney's fees pursuant to § 559.77(2), Fla. Stat.; and,

    e.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on July 5, 2023, by:

**SERAPH LEGAL, P.A.**

*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
1614 North 19th Street
Tampa, Florida 33605
Tel: 813-567-1230 (Ext: 302)
Fax: 855-500-0705
TBonan@SeraphLegal.com
*Counsel for Plaintiff,*

**ATTACHED EXHIBIT LIST**
A    Ms. Fletcher's Experian Consumer Disclosure, February 9, 2022, CCS Tradeline - Excerpt
B    CCS' Response Letter to Ms. Fletcher, March 20, 2022 - Excerpt
C    Ms. Fletcher's Experian Consumer Disclosure, March 10, 2023, Convergent Tradeline - Excerpt